UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 23-176 |
| v. | * | SECTION: "R" (4) |
| DIMITRI FRAZIER | * | |
| | * | |

\* \* \*

## FACTUAL BASIS

Should this matter have gone to trial, the Government would have proved through the introduction of reliable testimony and admissible tangible exhibits, including documentary evidence, the following to support the allegation charged by the Government in Count 1 of the Indictment against the defendant, **DIMITRI FRAZIER** ("**FRAZIER**"), charging him with a violation of Title 18, United States Code, Section 371, namely, conspiracy to commit wire fraud. The Defendant, along with his co-conspirators and others, beginning at a time unknown, but not later than November 13, 2017, and continuing at least through March 2019, in the Eastern District of Louisiana, and elsewhere, conspired to commit wire fraud in connection with a staged automobile accident that occurred on or about November 13, 2017.

Prior to November 13, 2017, **FRAZIER**, Tiffany Turner ("T. Turner"), and Adonte Turner ("A. Turner") agreed to participate in a staged motor vehicle collision in order to make money through fraud. At trial, the Government would present evidence that, on or about November 13, 2017, **FRAZIER**, T. Turner, and A. Turner met Co-Conspirator D and Co-Conspirator E in New Orleans for the purpose of staging a collision. Co-Conspirator D got into the driver's seat of **FRAZIER's** Chevrolet Impala ("the Impala") and drove **FRAZIER**, T. Turner, and A. Turner until Co-Conspirator D located a tractor-trailer with which to collide. Co-Conspirator E drove a

AUSA
Defendant
Defense Counsel

separate vehicle. At or around 8:00 p.m., on I-10 East near Paris Road, Co-Conspirator D intentionally sped up and collided the Impala into a 2013 International tractor-trailer owned by Whitestone Transportation LLC ("Whitestone") and driven by Truck Driver B.

After impact, Co-Conspirator E flagged down Truck Driver B and falsely stated that Truck Driver B had struck a vehicle. Co-Conspirator D fled the scene with Co-Conspirator E. T. Turner got into the driver's seat of the Impala to make it appear that she had been driving at the time of the collision. New Orleans Police Department ("NOPD") officers responded to the scene. The Government would introduce NOPD body camera footage showing that **FRAZIER** falsely informed officers that T. Turner had been driving the Impala and that the tractor-trailer caused the collision. At trial, the Government would present phone records showing that, at approximately 9:20 p.m. that evening, T. Turner spoke with Co-Conspirator D by phone.

On or about November 14, 2017, **FRAZIER**, T. Turner, and A. Turner went to Attorney A's office so that **FRAZIER**, T. Turner, and A. Turner could retain Attorney A to file a fraudulent personal injury lawsuit in connection with their collision. Subsequently, **FRAZIER**, T. Turner, and A. Turner retained a different attorney, who filed a complaint on their behalf in the U.S. District Court for the Eastern District of Louisiana ("USDC-EDLA") on or about March 4, 2018 ("the Frazier Lawsuit"). The Government would present evidence that the Frazier Lawsuit was a personal injury lawsuit that sought damages from Truck Driver B, Whitestone, and their insurance company, Canal Insurance Company ("Canal"), premised on falsehoods regarding the November 13, 2017 collision. The allegations in this lawsuit were false in that they did not contain information about how Co-Conspirator D intentionally caused the November 13, 2017 accident and falsely alleged that T. Turner had been the driver of the Impala during the collision.

AUSA
Defendant
Defense Counsel

To increase the value of her claim, **FRAZIER** sought medical treatment after the collision. On or about June 11, 2018, **FRAZIER** provided deposition testimony in connection with the Frazier Lawsuit in which he falsely stated that T. Turner had been driving on November 13, 2017 when a tractor-trailer had swerved and hit the Impala.

At trial, the Government would introduce documentary and testimonial evidence that, on or about February 18, 2019, attorneys for **FRAZIER**, T. Turner, and A. Turner electronically filed a Joint Pre-Trial Order ("Pre-Trial Order") in conjunction with the Frazier Lawsuit. In the twenty-page Pre-Trial Order, defendants **FRAZIER**, T. Turner, and A. Turner made fraudulent assertions and allegations regarding the November 13, 2017, collision, including that T. Turner was driving the Impala when Truck Driver B "[s]uddenly and without warning" changed lanes and struck the Impala. The Pre-Trial Order was filed through the USDC-EDLA's Case Management/Electronic Case Files ("CM/ECF") system, which caused the Pre-Trial Order to be electronically transmitted to Ashburn, Virginia, and then electronically transmitted to the Eastern District of Louisiana via electronic mail to counsel of record for Canal. At trial, witnesses would testify that Canal's counsel of record worked for a law firm whose private email server was in Elmwood, Louisiana.

On or about March 14, 2019, on the eve of a trial regarding the Frazier Lawsuit, **FRAZIER**, T. Turner, and A. Turner filed notices with the federal district court stating that they intended to exercise their rights pursuant to the Fifth Amendment in connection with the trial due to a suspected criminal investigation. Shortly thereafter, **FRAZIER**, T. Turner, and A. Turner moved to dismiss the Frazier Lawsuit.

In sum, the Government's evidence would prove that the defendant, **FRAZIER**, conspired to commit wire fraud by causing his attorneys to file a Pre-Trial Order in furtherance of fraudulent

AUSA
Defendant
Defense Counsel

claims against Truck Driver B, Whitestone and Canal, which caused a wire from Ashburn, Virginia, to the Eastern District of Louisiana.

**Limited Nature of Factual Basis**

This proffer of evidence is not intended to constitute a complete statement of all facts known by **FRAZIER**, and/or the Government. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for his guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the plea of guilty to the charged offense by **FRAZIER**.

The above facts come from an investigation conducted by, and would be proven at trial by, credible testimony from, *inter alia*, Special Agents and forensic examiners from the Federal Bureau of Investigation and other witnesses and from admissible tangible exhibits in the custody of the FBI, including phone records, a police report, medical records, body camera footage, bank records, deposition transcripts, and civil filings.

READ AND APPROVED:

_____
DIMITRI FRAZIER
Defendant

_____
STEPHEN D. HEBERT
Counsel for Defendant

_____
MARIA M. CARBONI
Assistant United States Attorney

4